Zimmerman v. State.

GEORGE ZIMMERMAN ET AL. V. STATE, EX REL. ED
BAUMAN.

FILED OCTOBER 18, 1900.   No. 11,366.

1. **School District: ELECTORS: OFFICERS: EXPENDITURE OF MONEY.**
The officers of a school district can not refuse to execute a valid
order of the district electors involving the expenditure of
money, on the ground that the taxes levied for the expenses
of the current year can not, until they have been collected, be
made the basis of contracts for such expenses.

2. **Taxes: LEVY: FUND.** Taxes levied at the annual school meeting
held just prior to the commencement of the school year con-
situte a fund against which warrants may be drawn.

3. **Case Distinguished.** *School District v. Stough,* 4 Nebr., 357, dis-
tinguished.

4. **School District: ELECTORS: REMOVAL OF SCHOOLHOUSE: MAN-**
DAMUS. Where the electors of a school district have, in a law-
ful manner, ordered the removal of their schoolhouse, and the
funds in the treasury, together with the taxes levied for current
expenses, are sufficient to meet all district obligations incurred
or contemplated, the order is valid and its execution will be
enforced by mandamus.

5. ——: ——: ——: MAJORITY: UNCERTAINTY OF ORDER. Where
a schoolhouse is less than three-fourths of a mile from the
geographical centre of the school district, a bare majority vote
"to move the schoolhouse" is void for uncertainty, and is also
void for want of power in a mere majority to change such
schoolhouse site.

ERROR to the district court for Gage county. Tried
below before LETTON, J. *Affirmed.*

*R. W. Sabin* and *H. E. Sackett,* for plaintiffs in error.

*Griggs, Rinaker & Bibb, contra.*

SULLIVAN, J.

The relator, Ed Bauman, brought this action for a
writ of mandamus requiring the respondents, who con-
stitute the district board of school district No. 44 of
Gage county, to perform an official duty which, it is

claimed, was imposed on them by a vote of the district electors at the annual meeting held in June, 1898. From a judgment awarding the peremptory writ this proceeding in error is prosecuted. It is very clear from the record that the district electors voted at the annual meeting in 1898 to remove their schoolhouse from section 21, where it then was, to section 32, where it had formerly been. The defendants refused to remove the building, and seek now to justify their refusal by showing that there was not sufficient money at their disposal to pay the expense of removal, together with all other necessary expenses of the district. If the tax levy of 1898 be regarded as an available resource of the district, there can be no doubt about the defendants having ample means with which to remove the schoolhouse and meet all other obligations for that year. The contention, however, grounded mainly on *School District v. Slough*, 4 Nebr., 357, is that no contracts could be lawfully made, or obligations incurred, on the faith of taxes which had been levied but had not been collected. We think the case cited was correctedly decided, but do not consider it a controlling precedent for this case. It is quite evident that the legislature did not intend to confer upon school districts authority to build schoolhouses on the credit of uncollected taxes. But a different purpose is disclosed with respect to ordinary current expenses. They are to be paid out of the taxes levied for the year in which they are incurred. The school year commences on the second Monday of July. Compiled Statutes, 1899, ch. 79, subdiv. 2, sec. 1. At the annual school meeting held on the last Monday in June (sec. 1, *supra*) the qualified voters are authorized to determine "the amount necessary to be expended the succeeding year, and to vote a tax on the property of the district for the payment of the same." Sec. 10, subdiv. 2, *supra*. This language admits of only one construction. It means that the general expenses for each school year shall be paid out of the taxes levied at the annual meeting held just prior

to the commencement of such year. The taxes so levied constitute a fund against which warrants may be drawn; and such warrants, when presented to the district treasurer, are, in default of cash, required to be registered and paid in the order of their registration. Compiled Statutes, 1899, ch. 93. They bear interest from the time they are presented to the treasurer (Compiled Statutes, 1899, ch. 44, sec. 10) and, under the act of 1895, the sinking funds of the district may be invested in them. Sec. 17, ch. 93, *supra*.

The defendants were required to move the schoolhouse by August 1, 1898, and it appears that they had at that time sufficient money with which to pay the expense of removal. The fact that they did not have on hand actual cash with which to pay the teacher's wages for the entire school year, together with all other contemplated expenses, furnishes no excuse for failing to execute the lawfully expressed will of the district electors. They have still under their control sufficient means to enable them to remove the building and meet all other obligations of the district; and it is their duty to do now what they should have done before.

One other point will be briefly noticed. It is contended that the order of removal made in 1898 was rescinded at the annual meeting in 1899. This contention rests entirely upon the following entry in the directors' record of the 1899 meeting: "The vote on moving the schoolhouse, twenty-five for moving, twenty-four not to move it." This was probably intended as a direction by the voters to the school board to carry out the order made in 1898. If that was not the intention, it was void for uncertainty, and for want of power in a mere majority to change a schoolhouse site which was within three quarters of a mile of the geographical centre of the district.

The judgment is

AFFIRMED.